Plaintiffs' request is GRANTED. For the reasons mentioned in this letter, the Court finds that Defendants' privacy interests outweigh the presumption of public access to the information contained in the limited proposed redactions. Further, Plaintiffs may file the Proposed Default Judgment and Permanent Injunction Order with the full account numbers under seal. Plaintiffs shall also file a public redacted version.

The Clerk of Court is respectfully directed to close the motion pending on Dkt. 61.

SO ORDERED.

Date: December 21, 2020

New York, New York

_____
JOHN P. CRONAN
United States District Judge



Matthew I. Fleischman
4530 Wisconsin Avenue NW | 5TH Floor
Washington, DC 20015
T: (202) 480-2965 | F: (866) 766-1678
fleischman@oandzlaw.com | www.oandzlaw.com

December 11, 2020

**VIA ECF**

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *Pearson Education, Inc., et al. v. Labos, et al.*,
     Case No. 1:19-cv-487

Dear Judge Cronan:

  We represent Plaintiffs Pearson Education, Inc., McGraw Hill LLC, formerly McGraw-Hill Global Education Holdings, LLC,[1] and Cengage Learning, Inc. ("Plaintiffs") in the above-referenced action. We write to seek leave to file under seal Plaintiffs' Proposed Default Judgment and Permanent Injunction Order ("Proposed Order"). Plaintiffs will file a redacted version of the Proposed Order on ECF, which will include all of the contents except the financial account numbers on Appendix B.

  Plaintiffs' sealing request should be granted because this Appendix contains Defendants' full financial account numbers. Federal Rule of Civil Procedure 5.2(a)(4) mandates that, unless the Court orders otherwise, financial account numbers should be redacted. Plaintiffs seek to include the full account numbers under seal in the Proposed Order in order to ensure that the financial institutions to which they provide the order can identify the relevant accounts.

  Based on the above, the continuum that the Court applies, and the balancing of interests, Plaintiffs have overcome the presumption of a public filing. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Indeed, the only information that is withheld from the public is the Defendants' financial account numbers. This, by its nature, is private information as to the account holder, and is not the type of information that sealing will impact the judicial process or deprive the public of needed information. *See id.*

---

[1] On January 1, 2020, McGraw Hill LLC became the successor in interest to McGraw-Hill Global Education Holdings, LLC.

      Plaintiffs are aware that, absent an order granting this sealing request, the Proposed Order will become public.

      Thank you for the Court's consideration of this request.

      Respectfully submitted,

      */s/ Matthew I. Fleischman*