UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC.; MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC; CENGAGE LEARNING, INC.; and BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GEOFFREY LABOS; TOAN Q. DOAN; DIEN T. TRUONG; AMELIA AGUILA; KRYSTYNA SZYMANSKA; SUNDER IYENGAR; EMUEJEVOKE ODUMA; MIYOSHI MASSINGTON; BOOKBLOCKS, LLC; SAMEERA BHATIA; JOYPREET SINGH; and KARAN SINGH,<br><br>Defendants. | Civil Action No. 19-cv-487 |

## STIPULATION FOR ENTRY OF JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT KRYSTYNA SZYMANSKA

Plaintiffs and Defendant have agreed to settle this action and entered into a written Settlement Agreement, the terms of which require, among other things, that Defendant agrees, stipulates, and consents to entry of a Final Judgment and Permanent Injunction as set forth in the attached Exhibit 1.  Accordingly, Plaintiffs and Defendant hereby request that the Court enter the attached proposed Final Judgment and Permanent Injunction.

STIPULATED AND AGREED TO BY:

/s/ *[signature]*  
Matthew J. Oppenheim  
Matthew I. Fleischman  
OPPENHEIM + ZEBRAK, LLP  
4530 Wisconsin Ave. 5th Floor  
Washington, DC 20016  
(202) 480-2999  
matt@oandzlaw.com  
fleischman@oandzlaw.com  

*Counsel for Plaintiffs*  

Date: 9/21/21

/s/ Susanne Faer *[signature]*  
Susanne Toes Keane  
New York Legal Assistance Group  
Clinic for Pro Se Litigants  
Thurgood Marshall US Courthouse  
Room LL22  
40 Foley Square  
New York, NY 10007  
SKeane@nylag.org  

*Counsel for Defendant Krystyna Szymanska*  

Date: 9/3/21

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC.; MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC; CENGAGE LEARNING, INC.; and BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC,<br><br>    Plaintiffs,<br><br> v.<br><br>GEOFFREY LABOS; TOAN Q. DOAN; DIEN T. TRUONG; AMELIA AGUILA; KRYSTYNA SZYMANSKA; SUNDER IYENGAR; EMUEJEVOKE ODUMA; MIYOSHI MASSINGTON; BOOKBLOCKS, LLC; SAMEERA BHATIA; JOYPREET SINGH; and KARAN SINGH,<br><br>    Defendants. | Civil Action No. 19-cv-487 |

**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT
<u>KRYSTYNA SZYMANSKA</u>**

Plaintiffs Cengage Learning, Inc., Bedford, Freeman & Worth Publishing Group ("Mamillan Learning"), LLC, McGraw Hill LLC (successor in interest to McGraw-Hill Global Education Holdings, LLC), and Pearson Education, Inc. (collectively, the "Plaintiffs") filed a complaint against Krystyna Szymanska ("Defendant"), alleging claims of infringement pursuant to the Copyright Act, 17 U.S.C. § 101, and trademark counterfeiting pursuant to the Lanham Act, 15 U.S.C. § 1114. The parties indicate that they have settled this matter. In connection therewith, the parties have jointly stipulated to entry of this Final Judgment and Permanent Injunction.

**NOW, THEREFORE**, it is hereby:

I. **ORDERED** that final judgment is **ENTERED** for Plaintiffs against Defendant. Each party shall bear its own costs and expenses, including its attorney's fees.

II. **FURTHER ORDERED** that a permanent injunction is **ENTERED** in this action as follows:

   a. Defendant, her personal representatives, heirs, executors, administrators, agents, and assigns, and all those in active concert or participation with her who receive actual notice of this Permanent Injunction, are enjoined from:

      a. Directly or indirectly infringing any of Plaintiffs' Copyrighted Works[1];

      b. Directly or indirectly infringing any of Plaintiffs' Marks[2];

      c. Directly or indirectly manufacturing, reproducing, importing, distributing (including returning goods purchased from another), offering for sale, and/or selling infringing copies of Plaintiffs' Copyrighted Works and/or Plaintiffs' Marks; and

      d. Knowingly (i.e., with actual knowledge or reason to know) enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to directly or indirectly infringe, manufacture, reproduce, import, distribute, offer for sale, and/or sell infringing copies of Plaintiffs' Copyrighted Works

---

[1] "Plaintiffs' Copyrighted Works" means any and all textbooks or other copyrighted works, or portions thereof, including instructor solutions manuals, instructor resource manuals, or test banks, whether now in existence or later created, regardless of media type, the copyrights to which are owned or exclusively controlled by any of Plaintiffs or their parents, subsidiaries, affiliates (excluding for Macmillan Learning, its affiliates and its parents other than its immediate parent company), predecessors, successors, or assigns, whether published in the United States or abroad.

[2] "Plaintiffs' Marks" means any and all trademarks and service marks, whether now in existence or later created, which are owned or exclusively controlled by any of the Publishers or their parents, subsidiaries, affiliates, predecessors, successors, and assigns, whether used in commerce in the United States or abroad.

and/or Plaintiffs' Marks.

III. **ORDERED** that, the Defendant shall pay $5,000.00 to Plaintiffs, through their counsel Oppenheim + Zebrak, LLP pursuant to the terms of the settlement agreement.

IV. **ORDERED** that, in addition to the payment in Section III above, the Defendant shall pay $75,000.00 to Plaintiffs, through their counsel Oppenheim + Zebrak, LLP pursuant to the terms of the settlement agreement.

V. **FURTHER ORDERED** that the Court retains jurisdiction for the purpose of enforcing this Order. Without limiting the foregoing, in the event Plaintiffs discover any new storefronts owned or operated by Defendant in violation of any of the terms of this Permanent Injunction, Plaintiffs may move the Court for a supplemental order as may be appropriate to effectuate the purposes of this Permanent Injunction.

VI. **FURTHER ORDERED** that this Order replaces the Court's Preliminary Injunction issued in this matter as to Defendant Krystyna Szymanska only.

**SO ORDERED** this ___22___ day of __September__, 2021.

_____
United States District Judge

3