# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC.; MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC; CENGAGE LEARNING, INC.; and BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GEOFFREY LABOS; TOAN Q. DOAN; DIEN T. TRUONG; AMELIA AGUILA; KRYSTYNA SZYMANSKA; SUNDER IYENGAR; EMUEJEVOKE ODUMA; MIYOSHI MASSINGTON; BOOKBLOCKS, LLC; SAMEERA BHATIA; JOYPREET SINGH; and KARAN SINGH, <br><br> Defendants. | **Case No. 19-CV-487** <br><br> <u>**[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION**</u> |

JOHN P. CRONAN, District Judge:

Plaintiffs Pearson Education, Inc. ("Pearson"), Cengage Learning, Inc. ("Cengage"), and McGraw Hill LLC, formerly McGraw-Hill Global Education Holdings, LLC[1] ("McGraw Hill," and, collectively, "Plaintiffs") initiated this action on January 17, 2019 against Doe Defendants. ECF No. 1. At the same time that they filed the Complaint, Plaintiffs made an application *ex parte* for a temporary restraining order, expedited discovery, order to show cause why a preliminary injunction should not issue, and permission to serve Defendants by email, which application was granted. *Ex Parte* Order, Jan. 17, 2019, ECF No. 3. Plaintiffs provided Defendants with their

---

[1] On January 1, 2020, McGraw Hill LLC became the successor in interest to McGraw-Hill Global Education Holdings, LLC.

moving papers, the *Ex Parte* Order, and Complaint by email.  *See* Cert. of Service, ECF No. 12. After a show cause hearing, at which Defendants did not appear, the Court issued a preliminary injunction on February 14, 2019.  Prelim. Inj., ECF No. 22.  After conducting expedited discovery, Plaintiffs filed the First Amended Complaint naming Defendants Geoffrey Labos, Dien T. Truong, Emuejevoke Oduma, and Miyoshi Massington ("Defendants") on March 22, 2019.  ECF No. 29. Plaintiffs served the First Amended Complaint and Summons on Defendants.  *See* ECF Nos. 39, 41, 43, 44.  Defendants did not file Answers to the First Amended Complaint.

On November 19, 2020, the Clerk of Court entered a Certificate of Default, noting that Defendants had not answered or otherwise moved with respect to the First Amended Complaint and are in default.  ECF No. 54.

On December 11, 2020, Plaintiffs submitted a motion for default judgment, permanent injunction, and a post-judgment asset restraint pursuant to Rule 55(b) and 65(d) of the Federal Rules of Civil Procedure.

On September 30, 2021, the Court issued an Opinion and Order (ECF No. 103) granting Plaintiffs' motion for default judgment and permanent injunction.

Having reviewed Plaintiffs' pleadings, briefs, declarations, and the entire record herein, the Court HEREBY FINDS that:

A.     Plaintiffs publish educational content in the form of physical and digital textbooks and online tools;

B.     Defendants operate the following online storefronts (the "Online Storefronts"):

(1)     jamisoarend0 on eBay operated by Truong;

(2)     stajac_25 on eBay operated by Oduma and Massington; and

(3)     toprankstore on eBay operated by Labos;

C.    Defendants have been properly served in this action with the Complaint, First Amended Complaint, and Summonses;

D.    Because Defendants have not filed Answers or otherwise appeared in this action, the Clerk of Court entered default against Defendants on November 19, 2020;

E.    Plaintiffs own the copyrights or exclusively control all rights, title, and interest in and to their respective works described on Exhibit B to the First Amended Complaint (the "Authentic Works");

F.    Plaintiffs own or exclusively control all rights, title, and interest in and to their respective trademarks and service marks described on Exhibit C to the First Amended Complaint (the "Plaintiffs' Marks");

G.    Defendants have willfully infringed Plaintiffs' copyrights in the Authentic Works in connection with Defendants' distribution of counterfeit copies of Plaintiffs' textbooks, and Defendants are, therefore, liable for willful copyright infringement, 17 U.S.C. §§ 101, *et seq.*;

H.    Defendants have willfully infringed Plaintiffs' trademarks by using in commerce, without Plaintiffs' consent, counterfeit reproductions of Plaintiffs' Marks in connection with the sale, offering for sale, distribution, and/or advertising of counterfeit copies of Plaintiffs' textbooks, and Defendants are, therefore, liable for willful trademark infringement and counterfeiting, 15 U.S.C. § 1114;

I.    Defendants' willful infringement of Plaintiffs' copyrights in the Authentic Works and Plaintiffs' Marks has caused Plaintiffs irreparable harm;

J.    As a result of Defendants' unlawful conduct, Plaintiffs are entitled to the entry of a final judgment and permanent injunction against Defendants.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are permanently enjoined and restrained from directly or indirectly infringing the copyrights and trademarks owned or exclusively controlled by Plaintiffs (or any parent, subsidiary, or affiliate of a Plaintiff), whether now in existence or later created, including any copyrighted work published under any of the imprints identified on Appendix A hereto (the "Imprints").

Without limiting the foregoing, IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are permanently enjoined and restrained from engaging in any of the following acts:

>    (1)    Copying, reproducing, manufacturing, importing, advertising, promoting, distributing, selling, or offering to sell counterfeit or other unauthorized copies of Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks;

>    (2)    Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to copy, reproduce, manufacture, import, advertise, promote, distribute, sell, or offer to sell counterfeit or other unauthorized copies of Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks; and

>    (3)    Using, operating, maintaining, assisting, distributing, or supporting any computer server, website, email address, social media account, online-marketplace account, bank account, or payment processing system in connection with the copying, reproducing, manufacturing, importing, advertising, promoting, distributing, selling, or offering to sell Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective.

IT IS FURTHER ORDERED that, pursuant to 17 U.S.C. § 504(c) and 15 U.S.C. § 1117(c), Plaintiffs' request for statutory damages under the Copyright Act and the Lanham Act, respectively, is granted, and Plaintiffs are awarded statutory damages as follows:

| Defendant(s) | Plaintiff(s) | Copyright Damages | Trademark Damages | Total Damages |
|---|---|---|---|---|
| Geoffrey Labos | Cengage, McGraw Hill, and Pearson | $2,100,000 | $6,000,000 | $8,100,000 |
| Dien T. Truong | Cengage, McGraw Hill, and Pearson | $240,000 | $150,000 | $390,000 |
| Emuejevoke Oduma and Miyoshi Massington | Cengage, McGraw Hill, and Pearson | $150,000 | $100,000 | $250,000 |
| **TOTAL** | | **$2,490,000** | **$6,250,000** | **$8,740,000** |

IT IS FURTHER ORDERED that the stay to enforce a judgment imposed by Rule 62(a) of the Federal Rules of Civil Procedure is hereby dissolved and Plaintiffs may immediately enforce the judgment set forth herein.

IT IS FURTHER ORDERED that Defendants shall deliver to Plaintiffs for inspection all copies of Plaintiffs' Textbooks that Defendants have in their possession, custody, or control pursuant to 17 U.S.C. § 503.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Permanent Injunction.

IT IS FURTHER ORDERED that the Clerk of Court is hereby directed to release the $5,000 cash bond, posted in accordance with the *Ex Parte* Order (ECF No. 3), to Plaintiffs by mailing the funds to their attorneys of record, Oppenheim + Zebrak, LLP, at 4530 Wisconsin Avenue, NW, 5th Floor, Washington, DC 20016.

FINAL JUDGMENT is hereby entered in favor of Plaintiffs against Defendants Geoffrey Labos, Dien T. Truong, Emuejevoke Oduma, and Miyoshi Massington in the total amount of $8,740,000, as described above, plus post-judgment interest calculated at the rate set forth in 28 U.S.C. § 1961.

It is SO ORDERED this ____ day of _____.

Date: October 5, 2021
New York, New York

_____
HON. JOHN P. CRONAN
United States District Judge

**APPENDIX A:  PLAINTIFFS' IMPRINTS**

| CENGAGE LEARNING, INC. |
| --- |
| Brooks Cole |
| Cengage |
| Cengage Learning |
| Course Technology |
| Delmar |
| Gale |
| Heinle |
| Milady |
| National Geographic Learning |
| South-Western Educational Publishing |
| Wadsworth |

| PEARSON EDUCATION, INC. |
| --- |
| Addison Wesley |
| Adobe Press |
| Allyn & Bacon |
| Benjamin Cummings |
| Brady |
| Cisco Press |
| Financial Times Press/FT Press |
| IBM Press |
| Longman |
| New Riders Press |
| Peachpit Press |
| Pearson |
| Pearson Education |
| Que Publishing |
| Sams Publishing |

| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC |
| --- |
| Irwin |
| Lange |
| McGraw-Hill |
| McGraw-Hill Education |
| McGraw-Hill Higher Education |
| McGraw-Hill Professional |
| McGraw-Hill Ryerson |
| McGraw-Hill/Appleton & Lange |
| McGraw-Hill/Contemporary |
| McGraw-Hill/Dushkin |
| McGraw-Hill/Irwin |
| NTC/Contemporary |
| Osborne |
| Schaum's |